The Honorable Sandra D. Rodgers State Representative P.O. Box 595 Hope, Arkansas 71802-0595
Dear Representative Rodgers:
This official Attorney General opinion is rendered in response to a question you have raised concerning municipal contracting procedures. You have asked:
 If a city of the first class has extended opportunities for area contractors to bid on city jobs, is the city allowed to base its bid decisions on criteria other than the dollar amount of the job? That is, may the city use other selection guidelines, or is it limited to choosing the bid with the lowest cost?
It is my opinion that the city may base its bid decisions on criteria other than the dollar amount of the job, and may consider selection guidelines other than the amounts of the bids.
The statute that is most directly applicable to this question is A.C.A. § 14-58-303, which states in pertinent part:
14-58-303. Purchases and contracts generally.
 (2)(A)(i) Where the amount of expenditure for any purpose or contract exceeds the sum of ten thousand dollars ($10,000), the mayor or his duly authorized representative shall invite competitive bidding thereon by legal advertisement in any local newspaper.
 (ii) Bids received pursuant to the advertisement shall be opened and read on the date set for receiving the bids in the presence of the mayor or his duly authorized representative.
 (iii) The mayor or his duly authorized representative shall have exclusive power to award the bid to the lowest responsible bidder, but may reject any and all bids received.
 (B) The governing body, by ordinance, may waive the requirements of competitive bidding in exceptional situations where this procedure is deemed not feasible or practical.
A.C.A. § 14-58-303.
The provisions of A.C.A. § 22-9-203 may also be applicable to certain contracts. It requires bidding on the contracts to which it applies, and states in pertinent part:
22-9-203. Public improvements generally — Award procedure.
 (d) On the date and time fixed in the notice, the board, commission, officer, or other authority in which or in whom authority is vested to award contracts, shall open and compare the bids and thereafter award the contract to the lowest responsible bidder, but only if it is the opinion of the authority that the best interests of the taxing unit would be served thereby.
A.C.A. § 22-9-203(d).
Although the Arkansas Supreme Court has not addressed your question in a context requiring an interpretation of A.C.A. § 14-58-303, the court has addressed this question in various contexts governed by similar statutory bidding requirements that are couched in similar statutory language (including A.C.A. § 22-9-203, quoted above). In doing so, the court has consistently interpreted the term "lowest responsible bidder," as used in statutory language, broadly enough to allow the deciding body to reject the lowest bidder (as well as other bidders) on the grounds of factors other than the amounts of the bids. Indeed, the court has made the general observation that "the phrase `lowest responsible bidder' in a statute providing for competitive bids before awarding contracts for certain public improvements implies skill, judgment and integrity necessary to a faithful performance of the contract, as well as sufficient financial resources and ability." Fletcher v. Cherry,207 Ark. 650, 651, 182 S.W.2d 211 (1944), quoting Williams v. City ofTopeka, et al., 85 Kas. 857, 118 Pac. 864, 38 L.R.A., N.S., 672.
The Fletcher court also noted that "where a statute requires municipal contracts to be let to the `lowest responsible bidder' the duty of the officer letting the contract is not merely ministerial, but partakes of a judicial character, requiring the exercise of discretion." Fletcher,supra, 207 Ark. at 651.
The court most recently considered the issue you have raised inMassongill v. County of Scott, 329 Ark. 98, 947 S.W.2d 749 (1997). In that case, it was argued that a county had unlawfully rejected the lowest bid for solid waste disposal, in violation of A.C.A. § 14-22-111. That statute, like A.C.A. § 14-58-303, required the county to award the contract to the "lowest responsible bidder," but (also like A.C.A. §14-58-303) allowed the county to reject all bids. The court held that this statutory language did not require the county to accept the lowest bid.
Similarly, in Conway Corp. v. Construction Eng'rs., 300 Ark. 225,782 S.W.2d 36 (1989), the lowest bidder for a city construction contract sued the Conway Corporation, the non-profit organization that operated the City of Conway's utilities, for rejecting its low bid, and awarding the contract to a higher bidder. The court found that the case was governed by A.C.A. § 22-9-203 (quoted above), and that under that statute, the Conway Corporation "had the discretion to reject [the lowest bid] so long as the rejection was for good cause and in good faith." Conway Corp.,supra, 300 Ark. at 231, citing Worth James Constr. Co. v. JacksonvilleWater Comm'n, 267 Ark. 214, 590 S.W.2d 256 (1979).
The foregoing authorities lead me to the conclusion that because the language of A.C.A. § 14-58-303 and A.C.A. § 22-9-203 (both of which could be applicable) use the term "lowest responsible bidder" (as opposed to "lowest bidder") and allow for the rejection of all bids, the first class city about which you have inquired does have the discretion to consider factors other than the amount of the bids in making its contracting decisions, and to reject the lowest bid, or any other bid, on the basis of those factors.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh